UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY NIMMONS,<br><br>    Plaintiff,<br><br>-against-<br><br>REAL DEAL FURNITURE, INC. d/b/a REAL DEAL FURNITURE and MOURIS ZAKARIA,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff GARY NIMMONS, by and through his attorneys, FISHER TAUBENFELD LLP, allege against Defendants REAL DEAL FURNITURE, INC. ("Real Deal" or the "Corporate Defendant") and MOURIS ZAKARIA (the "Individual Defendant") (the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**THE PARTIES**

3. Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 1629 Pitkin Avenue, Brooklyn, NY, United States, 11212.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Upon information and belief, Individual Defendant resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

9. The Corporate Defendant is a furniture store which provides furniture delivery services.

10. Individual Defendant possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

11. Individual Defendant approves the payroll practices for Corporate Defendant's employees, including Plaintiff.

12. Individual Defendant possesses operational control over Real Deal and its employees through his financial control over Real Deal.

13. Plaintiff has been employed by Defendants to work as a delivery truck driver and furniture mover within the last six (6) years.

14. Individual Defendant is individually sued in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

15. Individual Defendant exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

16. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

17. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

   ii. Defendants' failure to pay Plaintiff the proper minimum wage; and

   iii. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

18. Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215 and the NYLL's retaliation provision, NYLL §215.

19. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

20. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

21. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

22. Defendants have maintained a policy and practice of failing to pay Plaintiff the required minimum wage.

23. Defendants have maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

### A. Plaintiff's Schedule and Pay.

24. Plaintiff worked for Defendants as a delivery driver and mover from November 2019 until approximately August 2021.

25. Between November 2019 and January 2021, Plaintiff was scheduled to work six days per week, Mondays through Saturdays.

26. Throughout his employment with Real Deal, Plaintiff was scheduled to work from 10:00 a.m. until 7:00 p.m.

27. However, Plaintiff regularly worked as early as 9:00 a.m. and as late as 8:30 or 9:00 p.m.

28. Defendants never allowed Plaintiff to take his legally mandated meal breaks.

29. Defendants compensated Plaintiff at a rate of $100 per day.

30. Defendants therefore compensated Plaintiff at an effective rate of no more than $11.00 per hour worked, less than the required New York City minimum wage.

31. Starting in the beginning of 2021, Plaintiff was scheduled to work five days per week, Mondays through Fridays.

32. In or around March or April of 2021, Plaintiff's schedule was reduced to 3 or 4 days per week, then 2 or 3 days per week starting in May 2021.

33. Until March of 2021, Plaintiff regularly worked more than 40 hours a week.

34. Defendants failed to pay Plaintiff the required 150% of his regular rate for all hours worked above 40 in a week.

### B. Additional Wage Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations

35. Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

36. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

37. Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

38. Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 2. Defendants' Retaliation Against Plaintiff Because of His Complaints About Working Conditions and Pay

39. Starting in spring 2020, Plaintiff frequently complained to store owners Murray and Mike about not being paid the required overtime rate and being paid less than minimum wage.

40. In response to Plaintiff's complaints, Mike responded with negative and sarcastic comments, including "I pay you, you don't pay me," and "you work when I tell you to work."

41. Shortly after Plaintiff started making these complaints, Defendants began to reduce Plaintiff's hours.

42. Over the course of several months, Defendants lowered Plaintiff's hours from 5-6 days per week to 2-3 days.

43. Beginning in August 2021, Plaintiff was only being called in to work for one day per month.

44. In or around August 2021, Plaintiff asked his manager why he was being called in to work less frequently.

45. His manager responded that Plaintiff was being called for work less frequently because of his complaints about wages.

46. Shortly after August 2021, Defendants ceased calling Plaintiff in to work at all.

47. Plaintiff was therefore constructively terminated from his position.

**FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA against all Defendants)**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

50. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

51. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Overtime Wage Violations under NYLL against all Defendants)**

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

54. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

55. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages

in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL against all Defendants)**

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. New York law requires an employer to pay all employees minimum wage, which was set at $13.50 per hour for all New York City employers employing fewer than 10 people as of December 31, 2018, and $15.00 per hour for all New York City employers as of December 31, 2019.

58. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

59. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(NYLL Failure to Notify against all Defendants)**

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

62. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, hours worked, and the pay period.

63. Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

64. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(New York Labor Law Retaliation Against all Defendants)**

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. New York State Labor Law § 215 prohibits an employer from disciplining an employee because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

67. In committing the above-mentioned retaliatory acts, Defendants have retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

68. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(FLSA Retaliation against all Defendants)**

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

71. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

72. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: September __, 2022
      New York, New York

                                    Respectfully submitted,

                                    _____
                                    Michael Taubenfeld
                                    FISHER TAUBENFELD LLP
                                    225 Broadway, Suite 1700
                                    New York, New York 10007
                                    Phone: (212) 571-0700
                                    Facsimile: (212) 505-2001
                                    *ATTORNEYS FOR PLAINTIFF*