F I S H E R  |  T A U B E N F E L D  LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

July 22, 2024

**VIA ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Nimmons v. Real Deal Furniture Inc.
  Case No.: 22-cv-05647-SJB

Dear Judge Bulsara:

We represent Plaintiff in this action. Plaintiff Gary Nimmons and Defendants Real Deal Furniture Inc. and Mouris Zakaria write to respectfully request that the Court approve their settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss Plaintiff's claims with prejudice.

## I.    FACTUAL AND LEGAL BACKGROUND.

Plaintiff alleges that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay him minimum or overtime wages. Plaintiff asserts that worked for Defendants as a delivery driver and mover from November 2019 until approximately August 2021. During this time, he alleges that he worked 5 or 6 days a week, from 60 to 72 hours a week total, until Defendants reduced his hours to approximately 30 a week. For this work, Plaintiff alleges that Defendants paid Plaintiff $100 a day and did not pay him any overtime pay. Plaintiff also alleges that Defendants failed to pay him any spread-of-hours payments. According to Plaintiff, Defendants also unlawfully did not provide a wage notice or paystubs that recorded the correct hours he worked.[1] Based on these allegations, Plaintiff calculated his best-case FLSA unpaid overtime damages to be $33,603.33.

---

[1] Plaintiff also asserted retaliation claims under the FLSA and NYLL. Plaintiff, however, withdrew those claims in his joint pretrial order (DE 29).

After Plaintiff filed this action, Defendants answered and vociferously disputed Plaintiff's allegation.  Most crucially, Defendants allege that Plaintiff was an independent contractor, not an employee, and that he worked far fewer days than he alleged.  Defendants also produced a handyman business card that they claim Plaintiff handed out in the neighborhood during his employment.  If the Court accepted Defendants' allegations, Plaintiff would receive nothing or at least much less than he is claiming.

After Defendants answered, the parties attended a court-appointed mediation that unfortunately failed. The parties then participated in discovery and after discovery closed the parties attended a settlement conference before the Court, which was also unsuccessful.  The parties then begin preparing for trial and submitted a joint pretrial order.  The Court then scheduled a trial date and final pretrial conference.  Two days before the parties were to attend the final pretrial conference, the parties reached an agreement in principle.

The parties finalized the settlement in July 2024 and executed a written agreement (**Exhibit 1**). Under the Agreement, Plaintiff will receive $35,000 over 12 payments, which shall be broken down as follows: $22,885.33 to Plaintiff and $12,214.67 to Plaintiff's counsel, which is 33.3% of the settlement net of $822 in costs.  The costs are comprised of $402 to file the case, $120 for service of process, and $300 for one mediation session.  Defendants have also each signed a confession of judgment that provides for 150% of the total if they breach, and permits Plaintiff to collect reasonable attorneys' fees and costs to enforce and collect on the judgment.  In exchange Plaintiff agrees to release his FLSA and NYLL claims against all Defendants.  There are no confidentiality or nondisparagement clauses in the agreement.

### 1. The Settlement is Proper Under Cheeks.

The Court should approve the settlement.  In determining whether to approve a settlement, courts often look at the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Guajardo v. Titan Constr. Servs. LLC, No. 19-CV-1551 (OTW), 2020 WL 1922642, at *2 (S.D.N.Y. Apr. 21, 2020).

The settlement is reasonable under these factors.  Under the agreement, Plaintiff are receiving $22,885.33 after attorneys' fees and costs.  The settlement amount constitutes approximately 68.1% of Plaintiff's best-case damages for unpaid wages under the FLSA.  Further, Defendants have signed confessions of judgment that provide for 150% of the total settlement and reasonable attorneys' fees and costs if they breach.  Given the significant risks and burdens of this litigation, that amount is justified.  Notably, as explained above, Defendants have strongly asserted that Plaintiff was an independent contractor who worked far fewer days than Plaintiff alleges and

have provided evidence, albeit sparse, to support their position.  If a Court accepts Defendants' argument, Plaintiffs may be left with significantly less damages or even nothing.  Given all of these risks, Plaintiff benefits from receiving a large portion of his damages now without waiting potentially years to recover and taking the risk of recovering nothing at all.  The settlement amount is therefore reasonable.

Further, the parties negotiated in good faith and at arms-length with the assistance of a court-appointed mediator. The settlement allows the parties to avoid all of the risks and expenses of litigation, which in this case would be extensive given the legal and factual disputes. Finally, there is obviously no fraud or collusion involved here.

Notably, no extra factors support denying the settlement.  In particular, the release is limited to wage-and-hour claims, and there is no confidentiality or nondisparagement provision.

Finally, the attorneys' fees are reasonable.  Under the agreement, my firm will receive $12,214.67, which represents one-third of the settlement net of $822 in costs.  The fees after costs are $11,392.67.  Courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. Guajardo, 2020 WL 1922642, at *3; Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020); Carrion v. 381 North Ave. Auto Care Inc. et al, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019); Almanzar v. Silver Star Properties Corp., No. 23 CIV. 819 (GWG), 2023 WL 6979460, at *3 (S.D.N.Y. Oct. 24, 2023); Carabali v.  J. Wasser & Co. et al., No. 23-CV-5740 (AS), 2024 WL 3089982, at *3 (S.D.N.Y. June 21, 2024).

Costs, which total $822, are also appropriate.  My firm expended costs for the filing fee, service of process, and a court-appointed mediation.  These costs are appropriate.

Thank you for your attention to the above.

Respectfully Submitted,
--------------------/s/----------------
Michael Taubenfeld

Encl.

3